is 14-1402, United States v. Osvaldo Rivera-Gonzalez. Good morning. Good morning. Go ahead. The problem with this case is that the judgment rested on mistaken grounds. First, mistaken ground that the judge could impose a concurrent sentence with the state court sentence. Why? Because he had primary jurisdiction. So it was up to the state court then to impose a concurrent sentence, which it did not happen. Second mistaken ground is that the judge, instead of focusing on the defendant and the case, tried to attend or take care of his perceived shortcomings of the state court's effectiveness to deal with the murder cases. So it incorporated the penalty or punishment for the murder cases into the gun charge for the 924C. And it all ended up with the result that was not intended by the judge. The judge wanted those 360 months to be concurrent with 100 or 1,000 whatever years he will have in the state court. Counsel, as a factual matter, isn't it undisputed that the firearm that underlies Count 4 was used to commit one of the murders that was the subject of the state sentencing? Yes, Your Honor. And the district court decided that they were not related to the drug cases. That's why it didn't go with the cross-reference. But he did consider that fact in imposing the sentence on Count 4. Oh, yes. That's what I'm saying. And what's wrong with that? Well, Your Honor, that was a matter for the state court. If he had decided that the murder cases were not related, that was for the state court to take care of. What control did the federal judge have over the state sentence? None, Your Honor. But it could have waited. If he had primary jurisdiction, it could have waited for the other sentence to the state court to impose a sentence and then fashion a sentence. Did you ask for that? I was not there, Your Honor. Did the counsel below ask for that? No, Your Honor. Can I just understand? Is the argument fundamentally that we can't tell from this record whether the sentence the judge imposed was the sentence the judge intended to impose? Correct. And that's because, if I understand your argument, all the indications are that he expected the sentences to run concurrently rather than consecutively. Correct. And if he was clear in knowing that they were going to run consecutively, your contention is we can't tell from this record he would have imposed the same sentence? No, he would have imposed a different sentence. We can't tell from this record if he would have imposed the same one. Therefore, you would like us to vacate and remand for him to now consider knowing that they can't run consecutively. Does he intend to impose the same sentence? Yes, Your Honor. Excuse me, Kelly. So you're arguing that the uncertainty that you say applies, that that affected the judge's determination to impose the 360 months on count four. The judge might revise that in light of the way the state sentence was imposed. Is that your position? Yes, Your Honor. And what is that based on? Because... Your sense that the judge might reduce that sentence in light of... He expressly stated more than once that he wanted those 360 months to run consecutively to the state court sentence. He didn't want to punish the defendant additionally, basically. You mean concurrent? Concurrent, yes. And what do we make of the fact that he did revise... He orally says they have to run concurrently. He's advised you can't make them run concurrently. He issues a written sentence that doesn't say anything one way or the other about concurrent or consecutive. What's the significance of that on your view? Well, first of all, my view would be that what was told to the defendant in court by the judge is the sentence. As long as he's not brought back to court to amend the sentence, that's the sentence that he has. Well, unless it's an illegal sentence, then he revises it. Yes. So how are we to interpret the revision other than him to say, oh, I guess I don't have the authority to make it consecutive? Well, he intended to... He did not say that he didn't want the judgments to run concurrently. He just apparently was persuaded that he did not have the authority under the... 360 months. No explanation. You'd say, why are you doing 360 months? And you say there's enough in the record for us to think that the reason he picked 360 months is because he thought they would run concurrently. Yes, because it is very steep. Barriers or departure, however it can be called. When he revised the sentence, he was aware of the state court sentence, correct? No, Your Honor. It had not been issued. It was months later that it was issued. The revision of the sentence concurrent versus consecutive occurred before the state sentence was imposed? Yes, and it did not... It only took away... It only omitted stating concurrency. That's it. It did not state consecutiveness. Once the state court sentence was pronounced, did your client move the federal court to alter the sentence? No, Your Honor. Why not? He... I mean... He just didn't. That's all you know. And your best evidence that the district court would have given a different length of sentence if he had known about the state court sentence is what? The judge's statements, explicit statements in court when he said, well, let's sum it up. This is what I want. This is the result that I want. I want this to be concurrent to whatever he gets in state court, to whatever. But it has to be 360 concurrent. The other 60 for the conspiracy charge will be consecutive. That's what he wanted, the district court intended. It's sort of a funny situation because we know at the time he revises it that he was running the risk, the judge, if we want to put it that way, of issuing a sentence that in fact could run consecutively because he's been advised that legally that is just a possibility. And he nonetheless took that risk with an expectation. We have every reason to think that it would run concurrently, but he knows he's taking the risk of that. So it's just a little strange now. Okay, now we know that his hoped-for result didn't come about. Now to ask him, would you give the same sentence, I don't quite know. That seems like an odd thing to be looking at. Usually we're interested at the time of the sentence, what did you intend? And at the time of the sentence, what he intended was it would run concurrently, but I understand it could run consecutively because how else do you understand the revision? Well, we don't have an explanation by the judge on what he intended to do then if he was correcting that mistaken ground, then how that would affect the sentence. I believe the judge just did not think it would affect. Counsel, what is, in realistic terms, what is at stake here? Your client has a 104-year sentence, is that correct? Correct, Your Honor. And your thought, the sentence on count four has got to be consecutive as a matter of law to the state sentence. So even if the judge dramatically reduced the length of the sentence on count four, in real terms, what does that get your client? Well, I'm pleading for him to have a chance whenever it is. If the state court sentence, he could be eligible for parole in 40 years. He's very young. He will do the consecutive maybe five years if the district court would do that or whatever. He will have a chance. It will make a difference. How old is he now? About 23. And the parole system is alive and well here in Puerto Rico, is that? Yes. Anything further? Thank you. Thank you. Good morning, Your Honors. May it please the court. Francisco S. Martinez for the government. We ask that this court affirm the defendant's sentence in this case. We would like to clarify with regards to the defense counsel's statement that there is no explanation for the amendment judgment. And we'd like to point out that the amendment judgment is precisely the relief sought by defense counsel in their informative motion, where they stated that, where they requested that the district judge remain silent as to the consecutive and concurrency issue precisely to effect the intent of the court. That was the information that was given to the district court, and that was correct as a matter of law, since the federal court has primary jurisdiction in this case, under which circumstances the state would be the one to determine whether or not his sentence is to run concurrently or consecutively. As to the issue of the court's decision, can I ask you, counsel, in the ordinary case, we say the oral prevails over the written. That's correct, Your Honor. Okay. Why isn't that equally true with respect to the explanation? So the only explanation we have for why this sentence was issued is that he thought they would run concurrently. And that's as true before the revision as it is after the revision. It's not as if when he did the revision he said anything about why he was given the 360-month sentence. There's just no explanation for that at all. Well, in the event of a judgment, he does. Let me put it this way. Suppose he had given a 360-month sentence with no explanation. Yes, Your Honor. With regards to count four? Yeah, it just said nothing. Well, under those circumstances, the statute of control would be consecutive because it's. . . No, no, I understand. But in terms of the length of 360 months. . . Yes. We often say you've got to give some explanation for the 360 months. That's. . . So on that basis, we would say, well, there would be an argument for vacating remanding to the district judge to say, well, could you please explain why you thought 360 months was appropriate? Here, we have an explanation of why, and it's that they'll be concurrent. So why wouldn't we be more demanding of an explanation since the only reason you've given is one that your actual sentence suggests can't be the reason since you're conceding it must be consecutive? It does seem to me there's a fairly strong argument to say to the district court, why did you pick 360 months now knowing it's consecutive? Well, under statute, it's consecutive, but as a practical matter in this case, that cannot be effected because it is the state court, the state prison system to be more specific, that is the one that's going to decide. The federal court has no control over the prison bureau of the state. But he seemed to be under a misunderstanding on that point from the only evidence we have of the record because he says at one point, if I understand it, something like they're not going to be able to do it differently than I want them to do it. That's correct, Your Honor. He did say that during the sentencing. However, as is clear, all that discussion about the concurrency slash consecutive issue was fixed in the amendment judgment pursuant to Rule 35 because it was an illegal sentence. But that's what I'm then asking. What explains the length of the sentence actually imposed? What on the record gives an explanation for why he chose 360 months? The only thing on the record that explains it seems to be wrong, which is that they'll run concurrently rather than consecutively. So don't we need some explanation for why he picked a sentence of this length, given that they're going to run consecutively? Well, I think the record read as a whole makes it pretty clear that the judge was going to impose a very lengthy sentence, in this case, many a time during the sentencing hearing, including at defense counsel's urgence. The district court framed its sentence pursuant to 355.3 factors as a variance. Those factors in this case included two murders, one of which was undisputedly, as defense counsel has already conceded, committed with the firearm for which he was charged with under 924C. The judge also mentioned the particularly gruesome details that he found troubling with regards to these specific murders committed by the defendant, which he did not dispute. The only dispute was whether or not they were linked to the drug trafficking crime for which he was convicted. Did the pre-sentence report, I'm right here. Sometimes it's hard to tell with the microphone. Did the pre-sentence report inform the district court that on count for any sentence would have to be consecutive? I believe so, Your Honor, yes. And did the government separately advise the district judge to that effect? After the sentencing? No, I'm going to add right just before the initial sentence. During the sentence, no, Your Honor. The government did not say one way or the other. However, after sentencing, it filed an informative motion clarifying the law stating that 924C counts need to be consecutive, whether federal or state. Did the defense respond to that? That's correct, Your Honor. They did, and that's where they... What did they say? In their informative motion, they agree with the government. They need it to be consecutive, and that is where the defense asked the district court for the amendment judgment, which was subsequently entered exactly as the defense had requested in this case. Counsel, there's a... I think there's an added suggestion in this record that the district court might impose a different sentence on count for if given an opportunity to do so. The opposing counsel pointed out that the judge expressed some skepticism about the way in which the state court might respond to these murder convictions. Well, there's no reason for that skepticism now. The state court imposed the 104-year sentence, and so knowing that, the court might not feel the need to factor that concern into its decision on count for. Isn't that so? Do you know? I'm sorry. Well, Your Honor, with regards to that, I believe there is precedent saying that a later... somehow infringes upon the purpose or intent behind your sentence does not mean that your sentence becomes, per se, unreasonable. And in this particular case, the judge was very clear that it was looking for the proper framework under which to impose a sentence above the statutory minimum of five years. Going back to the point about the defendant himself sought the revision to make clear that the sentences had to run consecutively. That's what you said happened, right? The defense asked for the court to remain silent as to the concurrency of consecutive issue because the... What was the advantage to the defendant of doing that? Since before he had said it was clearly concurrent, how is it helpful to make it possibly consecutive from the defendant's point of view? Other than if the defendant in doing that is suggesting to the judge, are you sure you really want to stick with the same sentence? And in response, instead of the judge saying, yes, I'm sure, no, I'm not sure, here's why I'm doing it, he's silent. Doesn't that suggest there's a failure of explanation for the sentence? I do not believe so, Your Honor. Having had that request brought to him, the judge could very well have said, well, this is not what I intended for him to... Or he could have said, it is intended and here's why. But he said neither. That is one way of seeing it, Your Honor. However, I think that what the judge intended with its silences was to respect the state court's authority and power in this instance, being the second one to sentence and the second one to incarcerate him, which means the state sentence would run later, which means it would be the state that would need to decide this issue. Yeah, on that issue, was there a failure on the part of the state court? I mean, the federal sentence is in place. The state sentence comes subsequently. Was there some omission by the state court in not specifying the way in which the state sentence should relate to the federal sentence? Well, the state court sentence certainly is silent as to the issue. I'm sorry? The state court sentence is silent as to the issue. However, under Puerto Rico criminal law, when a sentence is silent as to the concurrency and consecutive issue, with regards to sentences for which the defendant is already subject to, which was this case, since when he was before the state court for sentencing, he was already subject to a federal sentence, the presumption under Puerto Rico law, like federal law, is that it runs concurrently. So in this case, the government's position is that the defense has failed to show that he has suffered prejudice in this instance. Maybe I'm missing something. You said the presumption is that the state sentence runs concurrently? Under Puerto Rico criminal law, yes, Your Honor. Because under Puerto Rico law is the second court that decides the concurrency slash consecutive issue. And as opposed to here when the federal sentence was imposed, at which point he was not subject to the state court sentence. Okay. So, again, maybe I'm missing something. But are you saying that what defense counsel is worried about, namely, that he's now serving his federal sentence, when that federal sentence is over, he will only then begin to serve the state sentence? That's not, in fact, what's happening? That, in fact, he is now concurrently serving both sentences? Is that what you – are you saying that that is what is now happening? That is not what is now happening, Your Honor. What the defendant can do for relief in this particular case is when it comes either now through some kind of motion, if possible, or when he is transferred over to the state, to request that the state run it concurrently. If this court vacates and remands and requires the district court to state explicitly to be run consecutively, that might lead to confusion in the state whether to follow – whether or not it can – may lead to some confusion for the state authorities as to the consecutive concurrency issue. So the silence is really a matter of respect for the state in this instance, in this very particular instance where he was both under primary jurisdiction and sentence first under federal authorities. Thank you.